# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| KAMLESH PATEL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 12-0224-KD-M |
| SHREE JALARM, INC.; DILIP BHAKTA; SUINITA BHAKTA; and MANUBHAI A. PATEL, | ) | |
| Defendants.[1] | ) | |

## ORDER

This action is before the Court on the parties' Joint Motion to Approve Settlement Agreement, the Settlement Agreement and Release of Claims, and Kamlesh Patel's counsel's affidavit and exhibits in support of the application for attorneys' fees. (Doc. 32, Exhibit 1, Exhibit 2, Exhibit 3) Upon consideration, and for the reasons set forth herein, the Motion is **GRANTED** and the Settlement Agreement and Release of Claims is **APPROVED** as a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions. 29 U.S.C. § 201, *et seq.*

In accordance with the terms of the Settlement Agreement and Release of Claims, Patel is due the sum of $15,000.00 in settlement of his claims, the sum of $17,434.38 as reasonable attorneys' fees, and $565.62 for costs and expenses for a total of $33,000.00. (Doc. 32, n.5)

Final Judgment, as required by *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir.1982), shall be entered by separate document. The Court does not retain jurisdiction to enforce any settlement agreement.

---

[1] Super 8 Worldwide, Inc. was terminated as a defendant on May 7, 2012 (doc. 8).

I. Background

From approximately June 5, 2010 until December 16, 2011, Patel was employed at the Super 8 Motel in Theodore. On March 29, 2012, Patel filed suit alleging that defendants violated several provisions of the FLSA and seeking a declaration that he is a non-exempt employee entitled to receive overtime compensation pursuant to the FLSA. (Doc. 1) He also alleged that defendants' conduct was willful and that he is entitled to back pay and back overtime pay for three years from the date of filing this action plus liquidated damages. (*Id*.) Patel also brought a state law claim for breach of express or implied contracts of employment. (*Id.*)

Patel asserts that he was paid a monthly salary of $1,250.00 but should have been paid an hourly rate. (Doc. 32) He also asserts that he performed additional duties and worked additional shifts such that his work hours averaged between 55 and 98 hours per week. (*Id*.) Patel claims a minimum wage of $7.25 per hour and overtime at the hourly rate of $10.88 per hour. He estimates his unpaid back wages as follows:

1. Minimum wages

    78.5 weeks x 40 hours x $7.25 =                    $22,765.00

2. Overtime wages

June 15, 2010 to May 31, 2011:

    50 weeks x 15 hours x $10.88 =                     $8,160.00

June 1, 2011 to Nov. 20, 2011:

    24.5 weeks x 50 hours x $10.88 =                   $13,328.00

Nov. 21, 2011 to Dec. 16, 2011:

    4 weeks x 58 hours x $10.88 =                      $2,524.16

Total Minimum Wage and Overtime:                       $ 46,777.16

    3. Credit for amounts paid

        78.5 weeks x $288.46 weekly rate[2] =         $22,644.11

    Total FLSA wages due         $24,133.05

(Doc. 32, p. 10,11) Patel also claims liquidated damages of $24,133.05, an amount equal to his FLSA wages, for a total claim of $48,266.10.

Defendants answered the complaint, denied all factual allegations but for those relevant to corporate status and citizenship, and raised their affirmative defenses including the defense that Patel was an exempt employee within the meaning of 29 U.S.C. § 213. (Doc. 12) They also disputed Patel's entitlement to any compensation. (Doc. 12, Doc. 32). Defendants contend that Patel was initially hired as a non-exempt employee but after completing a training program, his contract was re-negotiated and he began working as a non-exempt employee (doc. 32). They also assert that Patel generally did not work more that forty hours per week and did not perform some duties as expected which necessitated hiring other employees and thus he has been overpaid and is not entitled to any award. (*Id*.)

After discovery and the exchange of documents, the parties reached a settlement wherein both sides compromised their positions. According to the terms of the Settlement Agreement and Release of Claims, defendants agree to pay Patel the sum of $7,500.00 for his unpaid wages and $7,500.00 for his liquidated damages for a total of $15,000.00 in settlement of his claims. (Doc. 32-1) Patel has agreed to accept this sum and thus, he has compromised his claim in order to settle this action.

---

[2] $1,250.00 x 12 and divided by 52 weeks. *See* 29 C.F.R. § 778.113(b) ("A monthly salary is subject to translation to its equivalent weekly wage by multiplying by 12 (the number of months) and dividing by 52 (the number of weeks).")

Patel also sought attorney's fees pursuant to the fee-shifting provision of the FLSA. 29 U.S.C. § 216(b). His attorneys submitted an affidavit with supporting billing statements showing that the total attorneys' fees and expenses incurred are $19,355.62 and the affidavit of an attorney as to reasonableness of the hourly rates requested. (Doc. 32-3) The parties separately negotiated the attorneys' fees for Patel's counsel and defendants agree to pay $17,334.38 as attorneys' fees and $665.62 in expenses for a total of $18,000.00. Patel has agreed to accept this sum. (Doc. 32-1)

II. Analysis

    A. Bona fide dispute

In order to approve the settlement in an FLSA case, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (N.D. Ala. 2003). In *Lynn's Food Stores*, the Eleventh Circuit recognized two methods for settlement of claims brought pursuant to the FLSA: Supervision by the Secretary of Labor or by court approval in a private action where plaintiff is represented by counsel. The circuit court stated that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" 679 F. 2d. at 351 (citation omitted). Thus, in any case where a plaintiff agrees to accept less than full FLSA wages and liquidated damages, the plaintiff has compromised the claim and may do so only with Court approval of the settlement agreement. The rationale is that

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. The circuit court concluded that

> [o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

*Lynn's Food Stores*, 679 F.2d at 1355.

Therefore, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions" and then determine whether the proposed settlement agreement is a fair and reasonable resolution of that dispute.

    A. <u>Bona fide dispute over FLSA provisions</u>

Section 216(b) of the FLSA provides that " ... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages..." 29 U.S.C. § 216(b). Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Upon review of the complaint and answer (docs. 1, 12) and the parties' representations in the joint motion to approve settlement (doc. 32), the Court finds that there is a "bona fide dispute" over FLSA provisions. Specifically, the parties dispute whether Patel is an hourly non-exempt employee, whether unpaid overtime wages are owed to him, whether he worked the overtime hours he claimed, and whether he has been overpaid. Patel also alleged violations of 29 U.S.C. § 211(c) for failing to keep accurate time records and violations of 29 C.F.R. § 516.4 for failing to place Department of Labor notices in conspicuous places. (Doc. 1)

B. <u>Fair and reasonable</u>

Pursuant to *Lynn's Food Stores*, the Court must determine whether Patel's compromise and settlement of his claims is fair and reasonable. *Lynn's Food Stores,* 679 F.2d at 1352-1355. In *Silva*, the circuit court explained that the FLSA imposes "a duty to review the compromise" of an FLSA claim. 307 Fed. Appx. at 352. As a framework, the Court may consider the following factors: "1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel." *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (finding that the factors for evaluating the fairness of a settlement in a class action were applicable in an FLSA action); *Mason v. Wyndham Vacation Ownership, Inc.*, 2012 WL 570060 (M.D. Fla. Feb. 17, 2012).

Also, the Court may approve the settlement of FLSA claims where there are "problems" which warrant a compromise and settlement. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) ("Problems, for example, in proving hours-worked or "non-exempt" status - or

the presence of some other lawful defense to payment (if any) - may warrant a reasonable compromise, if the court approves."); *Meek v. Wachovia Corporation*, 2007 WL 2728404, 2 (M.D. Fla. Sept. 17, 2007) ("The settlement to Plaintiff is a reflection of the difficulties of proof Plaintiff faced, should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial.").

The parties assert that after arms-length negotiations occurring during and after the exchange of documents and consideration of relevant information from the interviews of potential witnesses, they have compromised their positions and reached an agreement to settle. (Doc. 32) They explain that the settlement results from the uncertainties of litigation, the factual disputes, the difficulty of proving Patel's allegations as to the hours worked without overtime compensation, and the benefit to both parties to avoid the expense of trial or further discovery.

Upon consideration of the parties' representations in the joint motion that after good faith and arms-length negotiations both sides compromised their positions, review of the terms of the Settlement Agreement and Release of Claims, and consideration of the factors enumerated in *Dees v. Hydradry, Inc.*, the Court finds that Patel's settlement is a fair and reasonable resolution of bona fide disputes over FLSA provisions and his breach of employment contract claims. The Settlement Agreement and Release of Claims does not contain disfavored provisions such as a confidentiality clause, a broad-sweeping pervasive release of claims not brought in this action, or a prospective waiver of FLSA rights. *See Dees,* 706 F. Supp. 2d at 1242-1243 ("an employee may not prospectively waive his right to a minimum wage or to overtime compensation"); *Robertson v. Ther–Rx Corp.*, 2011 WL 1810193, *3 (M.D.Ala. May, 12, 2011) (striking the confidentiality clause); *Moreno,* 729 F.Supp.2d at 1348–1349 (denying approval of a pervasive release). Additionally, the Settlement Agreement and Release of Claims does not appear to have

been tainted by any conflict of interest as to the attorneys' fees agreed upon by the parties. *Silva*, 307 Fed. Appx. at 351 (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." ).

C. Attorneys' fees, costs and expenses

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Silva*, 307 Fed. Appx. at 351; *see also Norman v. Alorica, Inc.*, 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); *Wolff v. Royal American Mgt., Inc.*, 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012). In order to "calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." *Padurjan v. Aventura Limousine & Transportation Service, Inc.*, 441 Fed. Appx. 684, 686 (11th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Multiplying the reasonable hourly rate by the hours reasonably expended yields the "lodestar" which is the "starting point" for the Court's determination. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.2008) (citation omitted); *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (explaining that the Eleventh Circuit "mirrored the evolving standards of the Supreme Court" and its election of the lodestar method).

In calculating the lodestar, the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974),[3] "might be considered in terms of their influence on

---

[3] The factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of
(Continued)

the lodestar amount." *Norman*, 836 F.2d at 1299. However, the "district courts may, but are not required to, consider [all twelve *Johnson* factors] since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. Appx. 799, 801-802 (11th Cir. 2012) (citations omitted); *Bivins*, 548 F.3d at 1350 ("In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the 12 factors enumerated in *Johnson*[.]") Once calculated, "adjustments to [the load star] then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Generally, time entries that document redundant or excessive work or work that was otherwise unnecessary should not be included when calculating hours reasonably expended. *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301 (the prevailing party cannot recover hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.")

Also, the reasonable hourly rate is the prevailing market rate "in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999); *Norman*, 836 F. 2d at 1299. In this case, the relevant legal community is the Southern District of Alabama. *See Barnes*, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is

---

other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

filed." (citation omitted)). Ultimately, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F. 3d at 1350.

Patel has the burden of documenting and proving the reasonableness of the hours expended and hourly rates. *Barnes*, 168 F.3d 423 at 427. To meet that burden, he must supply detailed evidence of the work performed and the time expended by his counsel along with evidence to support the requested hourly rates so that the Court may properly assess the hourly rate and time claimed for each activity. *Id*. In that regard, Patel has provided his lead counsel's affidavit and copies of the billing records and an affidavit of Henry Brewster, an attorney who has practiced law since 1981 and routinely practices in this Court. (Docs. 32-1 and 32-2)

   1. Reasonable hourly rates

The Court finds that the hourly rates invoiced by Patel's counsel Banks C. Ladd ($250.00), Mary C. Ladd ($225.00) and associate Stephanie Booth ($150.00) are reasonable and consistent with recent awards by this Court in similar FLSA actions. (Doc. 32-2, p. 2) *McCants v. Fred's of Tennessee, Inc.*, 2011 WL 172900, *4 (S.D. Ala. Jan. 16, 2013) (slip copy) (finding $250.00 per hour for Banks C. Ladd, a partner with eleven years experience in employment litigation, and $150.00 per hour for Stephanie Booth (four year associate) were reasonable hourly rates); *Norman v. Alorica, Inc.*, 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012) (slip copy) (finding $250.00 per hour was reasonable for Mary C. Ladd). *See Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 807 (11th Cir. 2011) ("While previous hourly rate awards are not given controlling weight, they do provide some insight.") (Citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000) (per curiam)).

Additionally, Patel has provided Mr. Brewster's affidavit. He is a local attorney with

greater than thirty years experience whose practice includes employment law, civil rights litigation, and FLSA proceedings. (Doc. 32-2) Brewster stated that upon his personal knowledge, experience and familiarity with the hourly rates customarily charged in this local for similar actions and his familiarity with Patel's attorneys' legal skill, general reputation, and experience representing FLSA plaintiffs, the hourly rates requested were reasonable.

2. Hours reasonably expended

Patel's counsel Banks C. Ladd submits his affidavit in support of the reasonableness of the attorney's fees, costs and expenses along with the firm's billing statement invoice identifying the type of work performed, the hours expended, and the hourly rate. (Doc. 32-2) He states that the work performed by Banks C. Ladd (63.1 hours), Mary C. Ladd (4.4 hours), and Stephanie Booth (13.5 hours) was contemporaneously recorded, does not "include hours that were excluded pursuant to the exercise of the billing judgment required"[4] and that all of the time expended as shown on the invoice was necessary and reasonable. (*Id*.)

3. Calculating the lodestar

Assuming for purpose of this calculation that the hours were reasonably expended, Banks C. Ladd performed 63.1 hours of work at the rate of $250.00 per hour for a total of $15,775.00, Mary C. Ladd performed 4.4 hours of work at the rate of $225.00 for a total of $990.00, and Booth performed 13.5 hours of work at the rate of $150.00 for a total of $2,025.00. The total fees invoiced are $18,790.00. (Doc. 32-2)

4. Reasonable attorneys' fees

---

[4] "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Courts are not authorized to be generous with the money of others." *Barnes,* 168 F.3d at 428 (internal quotation marks omitted).

As part of their Settlement Agreement, the parties agreed to a lump sum of $18,000.00 (Doc. 32, n. 5). From that amount, the costs of the litigation, $565.62,[5] were to be deducted which left a balance of $17,434.38 as a reasonable attorneys fee. Patel asserts that $18,790.00, the amount invoiced, is the lodestar. However, the parties agreed to $17,434.38 and also agree that this lesser amount is within the range of reasonable fees the Court could award. The parties also state that they negotiated their agreement as to attorney's fees separately from Patel's recovery and thus, negotiation of the former did not influence the amount recovered by Patel. Patel's counsel states that additional time was spent post-settlement and additional time will be required until final approval, but Patel's recovery will not be reduced.

Upon consideration of the billing statement, the relevant factors for determining the reasonableness of an attorney's fee as set forth herein, and the parties' representation that they separately negotiated the attorney's fees, the Court finds that the compromised amount, $17,434.38 is a reasonable attorneys' fee in this circumstance. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses."); s*ee Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) ("[T]he agreed-upon billing rate is a strong indication of a reasonable rate" and is "relevant evidence to determine the fee rate, but it is not necessarily determinative."); *see McCants,* 2013 WL 172900 at *5 (finding the fees sought were reasonable, in part, because "they are agreed upon by Defendant."); *see also Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D.

---

[5] The parties clarify that due to the deletion of expenses for Pacer and Westlaw, the amount of costs in the Settlement Agreement is higher than the actual costs. (Doc. 32, n. 5)

Fla. Sept. 17, 2012) (where there is a reasonable basis for compromise and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees, . . . there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel"); *see Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.")

    5. Costs and expenses

Patel seeks to recover a total of $565.62 for the filing fee, service of process upon the five defendants, postage, and copies (doc. 32-1, p. 1). Generally, in an FLSA action, the costs allowed are those set forth in 28 U.S.C. § 1920. *See Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. Appx. 799, 802 (11th Cir. 2012) (finding that costs pursuant to 29 U.S.C. § 219(b) are limited by 28 U.S.C. § 1920) (citing *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988). Thus, some of the costs may not ordinarily be recoverable.[6] However, as part of their settlement, defendants agreed to pay these costs. Therefore, in consideration of the overall agreement by the parties and the amount sought, the Court finds that the costs and expenses are reasonable and recoverable in this circumstance.

---

    [6] For example, parking is not listed in § 1920. However, Patel's counsel invoiced $7.00.

III. Conclusion

For the reasons set forth herein, the parties' Joint Motion to Approve Settlement Agreement (doc. 32) is **GRANTED** and the Settlement Agreement and Release of Claims is **APPROVED**. The Court does not retain jurisdiction to enforce the Settlement Agreement.

As requested by the parties, a stipulated judgment shall be entered by separate document. (Doc. 32, p. 10) *See Mayer v. Wall Street Equity Group, Inc*., 514 Fed.Appx. 929, 934 (11th Cir. 2013) ("Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.'" (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor,* 679 F.2d 1350, 1355 (11th Cir.1982)) (bracketed text in original).

DONE and ORDERED this the 13th day of September 2013.

                                              **/s/ Kristi K. DuBose**
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**